MARTHA BLOMGREN v. OLAF HOLMQUEST.

FILED SEPTEMBER 16, 1896.   No. 6707.

1. **Witnesses:** UNINTELLIGIBILITY OF TESTIMONY: REVIEW. The fact that the testimony of a witness is unintelligible to the official stenographer of itself affords no ground for the reversal of a judgment.

2. **Trial:** BILL OF EXCEPTIONS: REVIEW. It is the duty of parties to assist in preserving the evidence in the manner prescribed by law, and the failure, through his own neglect, of the unsuccessful party to secure a true bill of exceptions presents no ground for relief at the hands of the appellate court.

3. **Boundaries:** CONFLICTING EVIDENCE: REVIEW. Evidence examined, and *held* to sustain the judgment of the district court.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*Uriah Bruner*, for plaintiff in error.

*Ira Thompson*, and *Sears & Thomas, contra.*

POST, C. J.

This was an action of ejectment in the district court for Cuming county by the plaintiff in error, Martha

Blomgren, against the defendant in error, Olaf Holm-quest, the property in controversy being a strip of land particularly described, six rods in width by eighty rods in length, bounded on the west by the section line between sections 13 and 14, township 21, range 7 east. The only substantial dispute relates to the location of the section corner common to sections 11, 12, 13, and 14, and which, according to the contention of the plaintiff, is six rods west of the point found by the trial court to be the true corner. The case, upon the record, is a typical one and presents the contradictions respecting division lines and monuments common to controversies of its character. The plaintiff introduced witnesses whose testimony tends to prove the establishment of the corner in dispute according to the original survey at the point contended for by her. She is corroborated, also, by two apparently competent surveyors, Nason and Collins, who surveyed portions of the sections above mentioned in the years 1880 and 1888, and who, in the absence of the original monuments, located the corner after consulting the government field notes. On the other hand, Kline, who, as county surveyor, made a survey of the premises some time between the years 1882 and 1888, records the finding of the original government corner where the road as now located between sections 13 and 14 intersects the road extending east and west on the north side of said sections, and which is in accordance with the finding complained of. The defendant also introduced a number of witnesses, who claim to have seen the original mound which marked the section corner as early as 1868, and whose testimony is in harmony with the conclusion reached below. Tested by the rule often asserted by this court, there is in the record abundant evidence to sustain the judgment, and the assignment which presents that question may accordingly be dismissed without further comment.

The only other allegation of error which requires notice is presented by the following record of the examina-

tion of Mr. Heller, the county surveyor, as a witness for the plaintiff: "By the Court: Mr. Heller, taking the section line between 11 and 12, does the prolongation of that line coincide with the section line between 13 and 14 as established by Kline? For answer the witness takes a plat and goes to the judge's desk, where he explains the same to the court in tones and manner unintelligible to the reporter, which said answer could not, therefore, be preserved in the record, to which proceeding the plaintiff duly excepted." It will be observed that the only fact to which the foregoing exception can apply is that the answer of the witness was not understood by the official stenographer, in consequence of which such evidence was not preserved of record. It cannot on the record be charged that attorney for the plaintiff was unable to hear, or for any reason failed to comprehend the answer, and the fact that he pursued the examination on the line suggested by the judge's interrogatory induces the belief that the witness was in fact understood. It was the duty of counsel, under these circumstances, to insist upon a full report of the evidence, in which he would, we must presume, have had the assistance of the court. Having neglected the opportunity presented, he will not now be heard to complain.

JUDGMENT AFFIRMED.